UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| OMAR CHAVEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. M-12-276 |
| | § | |
| COMPANION COMMERCIAL | § | |
| INSURANCE COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Pending before the Court is "Plaintiffs' Opposed Motion for Remand"[1] filed by Plaintiffs Omar and Irma Chavez (collectively "Plaintiffs"). Defendant Companion Commercial Insurance Company ("Companion") has filed a response in opposition.[2] After considering the motion, response, record and relevant authorities, the Court **GRANTS** the motion to remand.

## I. BACKGROUND

On July 25, 2012, Plaintiffs brought a claim against Companion and 4Cast Claims, LLC ("4Cast"), alleging delay and underpayment of insurance benefits related to a severe hailstorm on March 29, 2012.[3] In their petition, Plaintiffs assert their claims under Chapters 541 and 542 of the Texas Insurance Code and Texas Deceptive Trade Practices Act or, alternatively, as claims for breach of contract and recovery under an insurance policy.[4]

---

[1] Dkt. No. 6.
[2] Dkt. No. 8.
[3] Dkt. No. 1, Attach. 2.
[4] *Id*. at p. 4.

On August 17, 2012, Companion removed the case on the basis of diversity of citizenship; specifically, Companion asserted that both conditions of 28 U.S.C. § 1332(a)(1) were satisfied because the non-diverse defendant, 4Cast, was improperly joined,[5] and the amount in controversy exceeded $75,000.[6]

In the motion to remand, Plaintiffs assert that remand is proper because Defendants have failed to show that the amount in controversy exceeds $75,000 and because Defendant 4Cast was not improperly joined.[7]

## II. ANALYSIS

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.[8]  Thus, Companion must prevail on both the improper joinder and the amount in controversy issues in order to avoid remand.  Because the Court finds that Companion has not met its burden of demonstrating that 4Cast is improperly joined, the Court need not address the other issues briefed by the parties.

The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[9]  Here, the issue of improper joinder is before the Court. The Fifth Circuit has stated that "the doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[10]  "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[11]

---

[5] Dkt. No. 1 at ¶¶ 2.5-2.15.
[6] *Id.* at ¶¶ 2.16 & 2.17.
[7] Dkt. No. 6.
[8] 28 U.S.C. § 1332(a).
[9] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[10] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[11] *Id.* (internal quotation marks and citation omitted).

When the Court is considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[12] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[13] The Court notes that a 12(b)(6)-*type* analysis is distinguishable from a pure 12(b)(6) analysis; in the improper joinder context, the Court evaluates the petition under the state court pleading standards.[14] The Supreme Court of Texas has stated:

> In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment.[15]

In other words, the pleading must state a cause of action and give fair notice of the relief sought.[16]

Although the Court is *permitted* to pierce the pleadings in certain improper joinder analyses,[17] it is not *required* to do so. The Court should do so "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[18] Here, the Court's review of the arguments reveals no basis for piercing the pleadings; as a result, the Court will not look beyond the state court petition.

---

[12] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).
[13] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).
[14] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see* Edwea, Inc. v. Allstate Ins. Co., No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).
[15] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).
[16] *Id.*, Tex. R. Civ. P. 45 & 47.
[17] *Smallwood*, 385 F.3d at 573.
[18] *Id.* at 573-74.

The Court notes that Plaintiffs and Companion agree that it is possible to maintain an action under the Texas Insurance Code against an adjusting company.[19] The Court agrees with this assessment of Texas law.[20] Therefore, the Court must determine whether Plaintiffs stated a cause of action against 4Cast in state court.

The state court petition directs several allegations against 4Cast including:

> Defendant, 4CAST CLAIMS, LLC, is a licensed insurance adjusting company doing business and adjusting claims in the state of Texas . . . .[21]

> . . . Each Defendant is an "individual corporation, association, partnership, or other legal entity engaged in the business of insurance."[22]

> Defendants, COMPANION COMMERCIAL INSURANCE COMPANY and 4CAST CLAIMS, LLC and their agents visited and inspected Plaintiffs' property . . . .[23]

> . . . 4CAST CLAIMS, LLC were also made aware of the need to perform repairs to the residence as well as damage as a result of the covered perils under the policy including wind or hail. . . . 4CAST CLAIMS, LLC denied, delayed, and failed to pay and properly investigate some or all of the Plaintiffs' covered loses with no reasonable basis. . . . 4CAST CLAIMS, LLC violated Article Chapters 541 and 542 of the Texas Insurance Code, and is liable for the actual damages, penalties and attorney's fees provide for therein.[24]

> With regard to Defendant 4CAST CLAIMS, LLC, Plaintiffs allege that she (sic) failed to properly process the claim, and has misrepresented material facts to the Plaintiff (sic). 4CAST CLAIMS, LLC failed to address all damages that have been caused to the home. Defendant 4CAST CLAIMS, LLC failed to fully investigate the loss, failed to properly convey all information to Plaintiffs, and has ignored covered damages to the dwelling. 4CAST CLAIMS, LLC concealed damages known to her (sic) to exist. Defendant 4CAST CLAIMS, LLC knew about the covered loss, but failed to perform a full and complete investigation including proper testing, and attempted to conceal facts from Plaintiffs about the

---

[19] Dkt. No. 6 at ¶ 8 (highlighting Texas Insurance Code's definition of "person" as "any individual . . . including agents, brokers, **adjusting companies**, and life insurance counselors."); Dkt. No. 8 at ¶ 4.5 (Companion writes, "While it may be possible to maintain an action under the Texas Insurance Code against an individual adjuster . . . .").

[20] *See* Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 280 & n.2, 282 (5th Cir. 2007) (citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998)).

[21] Dkt. No. 1, Attach. 2 at p. 3.

[22] *Id* at p. 4.

[23] *Id*.

[24] *Id*. at pp. 4-5.

damage to the home, and has ignored Plaintiffs' request for help. Defendant 4CAST CLAIMS, LLC misled Plaintiffs. The acts and omissions of 4CAST CLAIMS, LLC violate 541 and §542 of the Texas Insurance Code, for which Plaintiff (sic) seeks damages.[25]

Further, the above named adjusting company in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the property and failing to inspect all affected areas; said named adjusting company undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of this named adjusting company resulted in underpayment to the Plaintiffs, as well as delay in Plaintiffs' ability to fully repair their home. These actions on the part of the above named adjuster herein constitute violations of Section 541 and 542 of the Texas Insurance Code by engaging in unfair settlement practices. The above named adjuster in this suit conducted an outcome-oriented investigation designed to minimize the Plaintiffs' claims, and failed to promptly provide the Plaintiffs with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. The named adjusting company's actions constitute unfair or deceptive act in the business of insurance.[26]

The conduct of . . . 4CAST CLAIMS, LLC was irresponsible, unconscionable, and took advantage of the Plaintiffs' lack of sophistication in insurance matters to a grossly unfair degree.[27]

Upon initial examination, the petition appears to sufficiently allege that 4Cast violated § 541.060 of the Texas Insurance Code which states in part:

(a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: . . . (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; . . . (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; . . . .[28]

The Court now considers Companion's arguments that the petition fails to adequately allege a cause of action against 4Cast.

---

[25] *Id.* at pp. 11-12.
[26] *Id.* at p. 12.
[27] *Id.* at pp. 6-7.
[28] Tex. Ins. Code Ann. § 541.060 (West Supp. 2011).

First, Companion alleges that Plaintiffs fail to offer actionable facts in support of their claim, resulting in a lack of "factual fit between their allegations and the pleaded theory of recovery."[29] While the Court agrees that the Plaintiffs' petition is hardly a model of draftsmanship, it does allege that 4Cast is an insurance adjusting company that is engaged in the business of insurance; this is sufficient to allege that 4Cast is a "person" subject to the insurance code.[30] Furthermore, the petition alleges that 4Cast refused to pay a claim, did not conduct a reasonable investigation and engaged in misleading or deceptive behavior; these are sufficient allegations that 4Cast violated portions of Section 541.060 of the insurance code.[31] Thus, the Court finds that the petition states a cause of action against 4Cast and gives 4Cast fair notice of the relief sought. In sum, the allegations in the complaint are sufficient to state a claim against 4Cast under state court pleading standards.

Companion additionally argues that 4Cast was improperly joined due to Plaintiffs' "failing to comply with the particularity requirement of [Federal Rule of Civil Procedure] 9(b)."[32] However, because the Court has determined that Plaintiffs sufficiently stated a claim against 4Cast under Section 541 of the Texas Insurance Code, it need not address this improper-joinder basis.

### III. CONCLUSION

After considering the motion, response, record and relevant authorities, the Court finds that Companion has not met its burden of demonstrating that all non-diverse defendants are improperly joined. Accordingly, the Court finds that it lacks jurisdiction because the parties are

---

[29] Dkt. No. 8 at ¶ 4.6.
[30] *See* Tex. Ins. Code Ann. § 541.002 (West Supp. 2011); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 280 & n.2, 282 (5th Cir. 2007) (citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998)).
[31] *See* Tex. Ins. Code Ann. § 541.060 (West Supp. 2011).
[32] Dkt. No. 8 at ¶ 4.22.

not completely diverse and **GRANTS** Plaintiffs' motion to remand. This case is remanded to County Court at Law Number Seven, Hidalgo County, Texas.

    IT IS SO ORDERED.

    DONE this 22nd day of October, 2012, in McAllen, Texas.

                                                         Micaela Alvarez
                                       UNITED STATES DISTRICT JUDGE